IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY THOMAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0460-K |
| | § | |
| RUIZ PROTECTION SERVICE, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* employment discrimination action.

    Parties: Plaintiff is a resident of Dallas, Texas. He is proceeding *in forma pauperis*. Defendant is Ruiz Protection Service. No process has been issued in this case pending preliminary screening. On March 23, 2010, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto on March 29, 2010.

    Statement of Case: Plaintiff filed this action complaining he was wrongfully terminated from his employment on January 15, 2010.

    Findings and Conclusions: As a condition precedent to filing a Title VII action, a plaintiff must comply with two administrative requirements:

    (1) file a charge of discrimination with the Equal Employment Opportunity
    Commission ("EEOC") within one hundred eighty (180) days of the alleged

> unlawful employment practice or within three hundred (300) days if the aggrieved party has initially instituted proceedings with an appropriate state or local agency; and
> (2) obtain a notice of right to sue letter from the EEOC.

*See* 42 U.S.C. §§ 2000e-5(e)(1) & (f)(1).

Failure to comply with the above requirements deprives the court of subject matter jurisdiction. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir. 1994); *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1279 (5th Cir. 1994); *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990). Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

In answer to the questionnaire, Plaintiff confirms that he did not receive a right to sue letter from the EEOC before filing the complaint in this case. (Answer to Question 3.) Although Plaintiff filed an EEOC complaint on or about January 15, 2010, he concedes failing to proceed further once the EEOC refused to investigate his case. (Answer to Question 2.) Plaintiff has, thus, failed to exhaust his administrative remedies before filing the complaint in this action. Accordingly, this action should be dismissed for lack of subject matter jurisdiction. *Nat'l Ass'n of Gov't Employees,* 40 F.3d at 711-12 (unless a claim of discrimination has first been timely filed with the EEOC, the court is barred from adjudicating it).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Signed this 30th day of March, 2010.

                     /s/ Wm. F. Sanderson, Jr.
                     WM. F. SANDERSON, JR.
                     UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.